UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KENDRICK ROBINSON,          )
                                       )
           Plaintiff,        )
                                       )
v.                               )        Case No. 1:26-cv-00013-SNLJ
                                       )
GARY DON WILLIAMS,      )
                                       )
           Defendant.   )

## MEMORANDUM AND ORDER

This matter is before the Court for *sua sponte* review of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; and, therefore, they are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

Federal courts are required to abstain from exercising jurisdiction under the *Younger* doctrine when doing so would cause "undue interference with state proceedings." *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989). In other words, the "*Younger* abstention requires that federal courts 'abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions.'" *Arseneau v. Pudlowski*, 110 F.4th 1114, 1117 (8th Cir. 2024) (quoting *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012)).

Here, plaintiff filed his petition for partition of real property with this Court on January 20, 2026.   [Doc. 1].   At the time he filed this action, he already had pending a petition for partition in Butler County, Missouri in Case No. 25BT-CV00521, *Kendrick Robinson v. Gary D. Williams*.   That matter is currently set for bench trial on June 24, 2026.

Since there is an ongoing state judicial proceeding for partition which implicates an important state interest, this Court will not interfere with the state proceedings.   *See e.g., Ingalls v. Adams Cmty. Bank*, No. CV 19-30006-MGM, 2020 WL 3722317, at *4 (D. Mass. Mar. 25, 2020) (pursuant to the *Younger* abstention doctrine, this court may not interfere with ongoing state judicial proceedings which implicate an important state interest, including partition actions); *Williams v. County of Riverside*, No. 94-55363, 1995 WL 551930, at *3 (9th Cir. Sept. 15, 1995) (*Younger* abstention appropriate in context of state partition action); *Schroll v. Plunkett*, 760 F. Supp. 1378, 1383-84 (D. Or. 1990) (court abstained pursuant to *Younger* in state trust partition action); *Nelson v. Kentucky*, No. 3:19-CV-454-J-34JBT, 2019 WL 1901433, at *1 (M.D. Fla. Apr. 29, 2019) (court abstained since state court proceeding in partition was still ongoing).   As such, the Court does not have subject matter jurisdiction to consider plaintiff's petition for partition under the *Younger* abstention doctrine.   If plaintiff wishes to challenge the Missouri partition action, he must pursue his rights in state court, whether by seeking reconsideration there, or by appealing the decision to the state appellate court.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**.   A

separate order of dismissal will be entered.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

**SO ORDERED** this 30th day of March, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3